TWENTY-THREE NINETEEN CREEKSIDE, INC., ALVIS MINICK RUSHTON, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Twenty-Three Nineteen Creekside, Inc. v. Commissioner
Docket No. 4787-90
United States Tax Court
T.C. Memo 1993-179; 1993 Tax Ct. Memo LEXIS 187; 65 T.C.M. (CCH) 2469; T.C.M. (RIA) 93179; April 22, 1993, Filed *187 An appropriate order will be issued. Alvis M. Rushton, pro se. For respondent: Shellyanne W.L. Chang. FAY
FAY
MEMORANDUM OPINION FAY, Judge: A number of issues have been settled by the parties, and the only issue now in dispute is whether Twenty-Three Nineteen Creekside, Inc. (hereinafter 2319 Creekside), is subject to the unified audit and litigation procedures under the provisions of subchapter D, chapter 63, subtitle F, of the Internal Revenue Code of 1954 (tax treatment of Subchapter S items). Once this Court resolves this underlying issue, the parties have stipulated the results which follow therefrom. We therefore restrict ourselves to answering the question posed by the parties. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The parties have submitted this case fully stipulated and the facts so stipulated are found accordingly. By this reference, the stipulation of facts and attached exhibits are incorporated into this opinion. This Court allowed the parties to file their previously submitted trial memoranda as briefs *188 of their respective positions. For fiscal year ended June 30, 1985, 2319 Creekside's principal place of business was in Santa Rosa, California. During the year at issue, 2319 Creekside had no more than two shareholders. On August 20, 1985, Alvis M. Rushton, as president of 2319 Creekside, timely filed a Federal income tax return (Form 1120S) for the fiscal year ended June 30, 1985. Respondent examined that return under the unified audit and litigation procedures. A notice of final S corporation administrative adjustment (FSAA) was mailed to Alvis M. Rushton, tax matters person of 2319 Creekside, on December 21, 1989. The schedules attached to the FSAA indicate a disallowance of deductions for the year in the amount of $ 183,792. In , we held that there is no small S corporation exception to the unified audit and litigation procedures prior to January 30, 1987, the effective date of section 301.6241-1T(c), Temporary Proced. & Admin. Regs., (Jan. 30, 1987). [1] This Court has continued to follow this view in subsequent cases. *189 (fiscal year ended June 30, 1984, of 2319 Creekside); . Petitioner contends that we should not follow the rationale set out above but should either: (1) Follow , *190 revg. and remanding an unreported Order of this Court; or (2) craft an exception for one-shareholder S corporations to the unified audit and litigation provisions. [2] However, both of these contentions were addressed in , wherein we respectfully declined to follow the Court of Appeals for the Fifth Circuit's decision in , and stated we would no longer follow this Court's opinion in (which supported petitioner's one-shareholder S corporation exception). As we have previously stated, "There are no exceptions written into the statutory language for subchapter S corporations based upon the number of shareholders." . "Congress has chosen to leave the question of exceptions to the discretion of the Secretary." Id.
*191 Thus, for the year ended June 30, 1985, we find respondent correctly utilized the unified audit and litigation provision when issuing the FSAA to Alvis M. Rushton as Tax Matters Person for 2319 Creekside. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. The Temporary Regulations provide that, where an S corporation consists of five or fewer shareholders, the tax treatment shall not be determined at the corporate level. The Temporary Regulations, however, are applicable only to the taxable year of an S corporation, the due date of the return of which is on or after Jan. 30, 1987. Sec. 301.6241-1T(c)(2)(i), Temporary Proced. & Admin. Regs., (Jan. 30, 1987). However, the year before us is fiscal year ended June 30, 1985. By its terms, the Temporary Regulations are inapplicable to the issue at hand.↩
2. During fiscal year ended June 30, 1985, petitioner contends that the corporation had no more than one shareholder for any period during the year. (Michael E. Baldigo was the 100-percent owner during the first 3 months of the fiscal year, and Alvis M. Rushton was the 100-percent owner during the last 9 months.) The burden of proof is on petitioner. Rule 142(a); . Petitioner has presented no evidence on this issue. The Form 1120S and Schedules K-1 indicate Twenty-Three Nineteen Creekside, Inc. (hereinafter 2319 Creekside), had two shareholders during the year at issue. Additionally, the parties stipulated "Michael E. Baldigo owned a 25% interest and Alvis M. Rushton owned a 75% interest." Although it would not change our current opinion, we find 2319 Creekside had two shareholders.↩